**Robert L. MORONI**

v.

**Robert F. FROEHLKE, Secretary of the Army**

**and**

**Richard Snyder, Adjutant General—Pennsylvania National Guard.**

**Civ. A. No. 72–86.**

United States District Court,
E. D. Pennsylvania.

March 15, 1972.

Joseph Ziccardi, Philadelphia, Pa., for plaintiff.

Richard R. Galli, Philadelphia, Pa., for Secretary of Army—U. S. District Court.

### MEMORANDUM AND ORDER

GREEN, District Judge.

Ronald L. Moroni, through his attorneys, Joseph Ziccardi and Morris Zacker, has petitioned this Court to issue an order against the named defendants. He requests this Court to, (1) enjoin the defendants from causing him to enter into active duty with the United States Army Reserve; and (2) order the defendants to show cause why the petition-

er should not be allowed to present an administrative appeal nunc pro tunc; and (3) to further order the defendants to show cause why an order should not issue for such other, further and different relief as may be appropriate.

■ Although the petitioner has styled his pleading as a "petition", seeking an order to show cause, it is, in fact, a petition for habeas corpus relief. The petitioner alleges that he has been ordered to enter active duty, and ". . . that the defendants did violate the Fifth Amendment to the Constitution of the United States, and that they did deprive your petitioner of his liberty without due process of law." The net effect of these allegations, taken as true, is that the petitioner is being unlawfully deprived of his liberty and he seeks an order of the Court to terminate the alleged deprivation of his liberty. It is recognized that habeas corpus has long been regarded by the federal courts as the appropriate procedural vehicle for questioning the legality of an induction or enlistment into military service. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

The United States Attorney has specially appeared and filed, under Rule 12(b) of the Fed.R.Civ.P., a motion to dismiss for lack of jurisdiction over the subject matter and over the person of the defendants. Petitioner's pleading cannot withstand the motion to dismiss for reasons hereinafter explained.

The crucial question in the present case, construing the petition as an application for a writ of habeas corpus, is whether the petitioner has made his application in the proper jurisdiction. We conclude he has not.

Prior to October 19, 1971, the petitioner had been a member of the United States Army National Guard of Pennsyl-

vania. On or about the aforementioned date, Mr. Moroni was discharged from the Pennsylvania Guard.

Subsequently, the petitioner alleges, by Special Order of the Adjutant General of Pennsylvania, #181 paragraph 23, he was ordered to report for active duty at Fort Dix, New Jersey, for a period of eighteen (18) months.[1] He was so ordered, petitioner claims, because of certain alleged delinquencies. The petitioner further alleges that the Pennsylvania National Guard failed to comply with certain government regulations, which, inter alia, sets out the procedural steps to be taken by the National Guard where a Guardsman's status is threatened. Because of this alleged non-compliance to government regulations by the National Guard, the petitioner claims that the procedure in ordering him to enter active duty deprived him of due process.

■ The federal district courts may grant a writ of habeas corpus only "within their respective jurisdictions". 28 U.S.C. § 2241(a). Jurisdiction, for purposes of § 2241 requires the custodian to be within the territorial boundaries of the district court to which the application is made. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). In the present case, petitioner is presently under the control of the Commanding Officer at Fort Dix, New Jersey. Clearly, there is no custodian, immediate or otherwise, within this jurisdiction. Accordingly, this court lacks jurisdiction to grant the habeas corpus type relief requested.

Although the petitioner alleges certain other grounds for jurisdiction in his memorandum of law, they are not present within his pleading and are therefore not presently before this court. For that reason, we do not discuss their validity.

1. According to the petitioner, no reporting date was given and/or received. Consequently, he is allegedly unaware of the commencement date for such active duty. However, the government claims that the petitioner's reporting date has long since past. Petitioner does not seriously contest the government's position.